**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PRESTIGE TRANSPORTATION, INC.; et al.,

              Plaintiffs-Appellants,

  v.

U.S. SMALL BUSINESS
ADMINISTRATION; et al.,

              Defendants-Appellees.

No.   20-56326

D.C. No.
2:20-cv-08963-SB-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted June 7, 2021
Portland, Oregon

Before: WARDLAW, HURWITZ, Circuit Judges, and BOLTON,[**] District Judge.

Prestige Transportation, Inc., Amerilogistics Group, Inc., Superior Overnight

Services Inc., and STAM Properties LLC ("Plaintiffs") appeal the district court's

order denying their motion for a preliminary injunction seeking to enjoin the Small

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Business Administration ("SBA") from applying its alleged "Immigration Status" and "No Amendment" policies when administering the Emergency Economic Injury Disaster Loans ("EIDL") program. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

The district court did not abuse its discretion when it denied Plaintiffs' request for a preliminary injunction due to their failure to demonstrate a likelihood of irreparable harm. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Plaintiffs notably failed to submit *any* evidence of their current financial condition, despite alleging that they faced "business ruination" absent an injunction allowing them access to EIDL assistance—a failure that is particularly acute, where, as here, only economic harm is alleged. *See Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1474 (9th Cir. 1985); *Herb Reed Enter's, LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013). This failure is further belied by Plaintiffs' unreasonable two-month delay before filing suit after the SBA denied their most recent EIDL application and nearly four-month delay after the SBA denied their first. Juxtaposed with the then impending closure of the temporary EIDL program, which has since been extended, the district court did not abuse its discretion in concluding that such delay sufficiently "undercut[s] [Plaintiffs'] claim of irreparable harm." *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015).

2

The district court also did not err by declining to address Plaintiffs' likelihood of success on the merits after concluding they had failed to demonstrate likely irreparable harm. Because Plaintiffs failed to demonstrate the threshold requirement that "irreparable injury is likely in the absence of an injunction," the district court need not have addressed the remaining factors. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

**AFFIRMED.**